IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 06-700-1 |
| JEFFREY RIGGINS : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                              **March 9, 2022**

Defendant Jeffrey Riggins has filed a pro se "Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" which the Government opposes. Because Riggins fails to raise grounds entitling him to relief under this statute, the motion shall be denied.

**BACKGROUND**

On December 6, 2006, Riggins was arrested and charged with one count of possession with intent to distribute 5 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Riggins was subsequently charged in a superceding indictment with 24 counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), one count of possession with intent to distribute 5 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Following a three-day trial before the undersigned in late October 2007, Riggins was convicted by a jury on the drug counts and pled guilty to the felon in possession charge. At sentencing, Riggins was classified as both an armed career criminal and a career offender, and was sentenced to a total term of imprisonment of 432 months to be followed by 8

years of supervised release, a $3,000 fine and $2,600 special assessment. Riggins appealed and his judgment of conviction and sentence were affirmed by the Third Circuit on April 1, 2009. Riggins then filed a pro se motion for relief under 28 U.S.C. § 2255 which this Court denied on December 13, 2011. His request for issuance of a certificate of appealability from that decision was denied by the Third Circuit on October 4, 2012.

Riggins thereafter filed several motions for relief from his sentence based on subsequent developments in law. In May 2016, Riggins, represented by the Federal Community Defender Office for the Eastern District of Pennsylvania, sought leave to file a second or successive § 2255 motion based on the U.S. Supreme Court's 2015 decision in *Johnson v. United States*, 576 U.S. 591 (2015). Riggins argued that, under *Johnson,* he was not an armed career criminal or a career offender because he did not have the requisite number of prior convictions for a qualifying predicate offense under either provision. The Third Circuit granted Riggins' request on July 6, 2016, and transferred his motion to this Court where, at the request of the parties, it was stayed pending a decision by the Third Circuit in *United States v. Harris*, Appeal No. 17-1861.

In April 2019, Riggins filed a counseled motion for re-sentencing under Section 404 of the First Step Act of 2018, which made retroactive the portions of the Fair Sentencing Act of 2010 which amended the statutory penalties for crack cocaine offenses, thereby reducing the crack-powder sentencing disparity. That motion was also stayed at the request of defense counsel and was later supplemented in September 2020. In January 2021, Riggins filed a counseled Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) seeking compassionate release based on medical conditions that put him at high risk of severe illness or death from COVID-19.

On April 22, 2021, the Court held a re-sentencing hearing to address Riggins' motions for relief under the First Step Act and for compassionate release.  At resentencing, Riggins was again classified as a career offender, but his applicable Sentencing Guidelines range was significantly reduced.  The Court granted Riggins' request for relief under the First Step Act and re-sentenced him to a total term of imprisonment of 240 months, followed by 6 years of supervised release.  The court also reimposed the $2,600 special assessment but declined to impose a fine.  Although the Court declined to grant Riggins' request for immediate compassionate release, upon consideration of his arguments for compassionate release and for an additional downward variance from the applicable Guidelines range as well as the applicable sentencing factors under 28 U.S.C. § 3553(a), the Court found a downward variance was appropriate, as reflected in the below-Guidelines sentence imposed.  Riggins appealed his newly-imposed sentence on May 25, 2021.  That appeal remains pending.[1]  Riggins subsequently withdrew his *Johnson*-based § 2255 motion on July 21, 2021.  On September 20, 2021, Riggins filed this, his second, Pro Se Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A).

**LEGAL STANDARDS**

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. U.S.,* 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  There are, however, a few, very limited exceptions to this general principle, one of which is outlined in § 3582(c)(1)(A) and allows courts to grant early "compassionate release" to inmates where extraordinary and compelling circumstances warrant such relief.

---

[1] On July 29, 2021, the Third Circuit granted a request by Riggins' counsel to stay the appeal, which involves a challenge to his career offender status, until such time as it issues a decision in *United States v. Harris*, (Appeal No. 17-1861). On February 23, 2022, the Third Circuit granted Riggins' motion to waive counsel and proceed pro se but continued the stay in effect.

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court can reduce a term of imprisonment on motion by a defendant "after considering the factors set forth in [18 U.S.C.] §3553(a) to the extent that they are applicable, if it finds that - (i) extraordinary and compelling reasons warrant such a reduction" … "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*[2] The ability of a defendant to file such a motion directly is an

---

[2] Specifically, § 3582(c)(1)(A) provides:

> **(c) Modification of an imposed term of imprisonment.** – The court may not modify a term of imprisonment once it has been imposed except that –
>
> **(1)** in any case –
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction; or
> >
> > **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; …

4

innovation of the First Step Act of 2018. Prior to the Act's passage, an inmate could only obtain compassionate release if the Bureau of Prisons filed a motion for such relief on his or her behalf. However, the Sentencing Commission has yet to update its Policy Statement relative to reductions in terms of imprisonment under § 3582(c)(1)(A) since the First Step Act was passed. By its terms, the Policy Statement set forth at U.S.S.G. § 1B1.13[3] is limited to compassionate release motions initiated by the Bureau of Prisons. The Policy Statement is therefore not binding on district courts considering defendant-initiated compassionate release motions, and courts are free to consider other reasons a defendant raises that are not specifically contemplated in the Policy Statement in determining whether a reduction in sentence is appropriate. *United States v. Andrews*, 12 F. 4th 255, 260 (3d Cir. 2021). The Policy Statement, however, "still sheds light on the meaning of extraordinary and compelling reasons," and it therefore continues to provide guidance in deciding § 3582(c)(1)(A) motions. *Id.* District courts are vested with discretion in their weighing of the §

---

[3] The U.S.S.G. § 1B1.13 Policy Statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. §3553(a), to the extent that they are applicable, the court determines that –
>
> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

3553(a) factors and determining motions for compassionate release. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

The Commentary to the Policy Statement provides that extraordinary and compelling reasons may exist where the defendant is either suffering from a terminal illness, or is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, extraordinary and compelling reasons may exist where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," *id,* cmt. n.1B, or where the caregiver of a defendant's minor children dies or becomes incapacitated, or a defendant's spouse or registered partner for whom the defendant would be the only caregiver becomes incapacitated, *id,* cmt. n. 1(C). Finally, the Policy Statement also contains a catchall provision giving "the Director of the BOP the authority to determine if 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other categories." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396-397 (E.D. Pa. 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)). Under the Policy Statement, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13 cmt. n.3.

The defendant bears the burden of proof by a preponderance of the evidence on motions for compassionate release. *United States v. Grasha*, 489 F. Supp. 3d 403, 406 (W.D. Pa. 2020); *United States v. Adeyemi,* 470 F. Supp. 3d 489, 501 (E.D. Pa. 2020). In Riggins' case, the

applicable § 3553(a) factors are "the nature and circumstances of the offense, … the history and characteristics of the defendant," and "the need for the sentence imposed to reflect the seriousness of the offense[,] … to promote respect for the law, … to provide just punishment for the offense[,] … to afford adequate deterrence to criminal conduct[,] [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A)–(C).

**DISCUSSION**

In this motion, Jeffrey Riggins is again seeking early, "compassionate" release from what is now a 20-year sentence for multiple offenses of possession with intent to distribute cocaine and cocaine base (crack) and one count of felon in possession of a firearm.[4] Riggins argues an "extraordinary and compelling reason" for reduction exists in his case because he is no longer a career offender under U.S.S.G. § 4B1.1 following the Supreme Court's recent ruling in *Borden v. United States*, 141 S. Ct. 1817 (2021). Riggins contends that as a result of the *Borden* decision, his prior Pennsylvania state convictions for robbery and simple assault no longer qualify as crimes of violence under the career offender Guideline as those offenses can be committed with a *mens rea* of recklessness. Thus, he argues that, applying *Borden,* his Guidelines range would be lower than the range determined at resentencing and his current sentence should therefore be reduced.[5] Def.'s Emerg. Mot. to Red. Sent., 2, ECF No. 126.

---

[4] Riggins did file a request with the Warden of FCI McDowell, where he is presently incarcerated, that a compassionate release motion be filed on his behalf. That request was denied on August 13, 2021 and thus the Court finds Riggins has satisfied the administrative pre-requisite to filing this motion.

[5] In *Borden,* a four-member plurality of the Supreme Court held that criminal offenses which require only a *mens rea* of recklessness, cannot qualify as a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). 141 S. Ct. 1817, 1821-1822.

7

This is the very same issue that Riggins is currently pursing in his appeal from the sentence imposed on him by this Court on April 22, 2021 to the Third Circuit, which remains pending. Although the filing of a notice of appeal typically "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982), under Federal Rule of Criminal Procedure 37(a), the Court has discretion to: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. Proc. 37(a)(1)-(3). *See also, Pawlowski*, 967 F.3d at 329, n.4 ("Because Pawlowski's merits appeal was (and remains) pending before us, the District Court's jurisdiction to decide the compassionate release motion was confined to denying it, indicating that it presents a substantial issue, or indicating that it would be granted if we were to remand the case to the District Court for that purpose.").

"Convictions and sentences can be challenged on direct appeal or in the habeas forum, but not in a compassionate release motion under 18 U.S.C. § 3582 (c)(1)(A)." *United States v. Albanese*, Crim. A. No. 97-359, 2021 U.S. Dist. LEXIS 109596, *7-*8 (E.D. Pa. June 11, 2021). *See also: Okereke v. United States,* 307 F.2d 117, 120 (3d Cir. 2002) ("motions pursuant to § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"), *United States v. Millhouse,* Nos. 20-3632, 21-1078, 2022 U.S. App. LEXIS 3530 *4, n.5 (3d Cir. Feb. 9, 2022) ("[t]o the extent that Millhouse was challenging his conviction based on *Johnson,* a motion for compassionate release is not the proper avenue to have raised such a challenge"), and *United States v. Musgraves*, No. 20-2702, 840 F. App'x 11, 13 (7th Cir. 2021) ("[c]ompassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction."). Riggins currently has an appeal

pending before the Third Circuit, which is where his sentencing challenge properly belongs. Riggins is therefore foreclosed from pursuing the same relief in this Court under the guise of compassionate release.

Riggins' motion is properly denied on the merits as well. The Third Circuit's decision in *Andrews*, *supra,* is instructive.  There, the Third Circuit considered an appeal from the denial of a § 3582(c)(1)(A)(i) motion seeking compassionate release on the grounds of the First Step Act's non-retroactive reduction in the mandatory minimum penalties under 18 U.S.C. § 924(c). In finding that the District Court did not err in concluding that the duration of Andrews' sentence and non-retroactive changes to the mandatory minimums could not be extraordinary and compelling reasons warranting sentence reduction, the Third Circuit declared:

> The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance.  "There is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." … "Indeed, the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence."

*Id.* 12 F.4th at 260-261 (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) and *United States Maumau*, 993 F.3d 821, 838 (10th Cir. 2021).  As in *Andrews*, the sentence given to Riggins here was imposed lawfully and in accordance with then-existing law.  The *Borden* decision thus does not give rise to an "extraordinary" or "compelling" reason to grant Riggins compassionate release.  For this reason also,  his motion is denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,        C.J.